UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOPELOLA ANTHONIA OBASA ) <br> ) <br> and ) <br> ) <br> BRONXVILLE MONTESSORI SCHOOL ) <br> Bronxville, New York, ) <br> ) <br> *Plaintiffs,* ) <br> ) <br> -against- ) <br> ) <br> UNITED STATES CITIZENSHIP AND ) <br> IMMIGRATION SERVICES, ) <br> ) <br> L. FRANCIS CISSNA, ) <br> Director, U.S. Citizenship and Immigration ) <br> Services, in his Official Capacity, ) <br> ) <br> and ) <br> ) <br> KEVIN K. McALEENAN, Acting ) <br> Secretary, U.S. Department of Homeland ) <br> Security, in his Official Capacity, ) <br> ) <br> *Defendants.* ) <br> ) | Civil Action No. 7:19-cv-4098 <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT** |

Plaintiffs Mopelola Anthonia Obasa ("Ms. Obasa") and Bronxville Montessori School ("BMS"), by their counsel, MSK Attorneys and The Law Office of Richard B. Solomon, and for their Complaint against Defendants United States Citizenship and Immigration Services ("USCIS"), L. Francis Cissna, Director of the USCIS (in his official capacity) ("Director Cissna"), and Kevin McAleenan, Acting Secretary of the United States Department of Homeland Security (in his official capacity) ("Secretary McAleenan"), allege as follows:

**INTRODUCTION**

1. This suit challenges the government's arbitrary and unlawful decision to deny a petition for extension of employment-based immigration status (H-1B), filed by BMS on behalf of Ms. Obasa on August 15, 2018 and given File No. LIN 1822150280 ("2018 H-1B Extension Petition") to permit her to maintain her status and continue to work as a Head Teacher for BMS, a position she held for more than three (3) years. BMS, a preschool in Westchester County, New York utilizing the Montessori Method, and Ms. Obasa challenge Defendants' April 1, 2019 arbitrary and unlawful denial of the H-1B Extension Petition ("2019 Denial").

2. Defendants' arbitrary and unlawful denial of the 2018 H-1B Extension Petition is currently preventing Ms. Obasa from working in the United States. She and her son are faced with the decision to uproot their lives and forfeit their future in the United States. Similarly, due to Defendants' arbitrary and unlawful denial of the 2018 H-1B Extension Petition, BMS is deprived of Ms. Obasa's highly-valued and needed services.

3. An H-1B visa classification permits a foreign national to work in a position requiring a theoretical and practical application of a body of highly specialized knowledge that requires a bachelor's or higher degree in the specific specialty (or its equivalent) as the minimum for entry into the occupation in the United States. In October 2015, USCIS approved a petition for an H-1B visa classification filed by BMS on Ms. Obasa's behalf as a Head Teacher, a specialty occupation position, in File No. EAC1514055001.

4. On August 15, 2018, BMS filed the 2018 H-1B Extension Petition with the USCIS's Nebraska Service Center, so that Ms. Obasa could continue working as a Head Teacher.

5. Despite record evidence that BMS's Head Teacher job is a specialty occupation and despite USCIS's October 2015 approval of that job as such, on April 1, 2019, USCIS issued the

2

2019 Denial of the 2018 H-1B Extension Petition because it concluded erroneously, based upon its sole reliance on and legally indefensible misinterpretation of the U.S. Department of Labor's "O*NET" and Occupational Outlook Handbook ("OOH"), that the "Preschool Teacher" position is not a specialty occupation.

6. The 2019 Denial is representative of a recent adjudicative approach in which USCIS misinterprets the OOH, elevates that misinterpretation over probative evidence establishing eligibility for H-1B classification, and ignores a petitioning employer's demonstration of H-1B eligibility pursuant to controlling regulatory criteria.

7. By ignoring BMS's evidence that the Head Teacher position meets at least one of the four alternative regulatory criteria for a specialty occupation, Defendants acted in an arbitrary and capricious manner and contrary to law. As such, the Court should order Defendants to refrain from taking any adverse action against Ms. Obasa while this suit is pending, vacate the 2019 Denial of the 2018 H-1B Extension Petition, approve the 2018 H-1B Extension Petition and extend Ms. Obasa's H-1B status without interruption.

## JURISDICTION

8. This case arises under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq*. and the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201-02 and injunctive relief under 5 U.S.C. § 702. There exists between the parties an actual and justiciable controversy in which Plaintiffs seek declaratory and injunctive relief to protect their legal rights. The United States has waived its sovereign immunity under 5 U.S.C. § 702.

**VENUE**

9. Venue is proper in this judicial District under 28 U.S.C. § 1391(e)(1)(A) and (C) because this is a civil action in which the Defendants are an agency of the United States and officers of the United States, acting in their official capacities for that agency, which maintains offices in this District. Further, BMS has its principle place of business in this District, and Ms. Obasa resides in this District.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES NOT REQUIRED**

10. USCIS's 2019 Denial of BMS's 2018 H-1B Extension Petition constitutes a final agency action under the APA, 5 U.S.C. § 701, *et seq*. Neither the INA nor regulations promulgated by the U.S. Department of Homeland Security ("DHS") at 8 C.F.R. § 103.3(a) require an administrative appeal of the 2019 Denial. Accordingly, Plaintiffs have no administrative remedies to exhaust.

**PARTIES**

11. Ms. Obasa, a citizen of Nigeria, earned a Master of Science degree in Education from Long Island University in 2014 and holds New York State certification in Early Childhood Education. She currently resides in the United States with her son, who is dependent for his immigration status on Ms. Obasa's continued lawful immigration status. She is the beneficiary of the 2018 H-1B Extension Petition. If USCIS had approved the 2018 H-1B Extension Petition for the validity period that BMS requested, Ms. Obasa would have been authorized to work for BMS in H-1B status through September 2, 2021. Instead, Ms. Obasa had to end her BMS employment when USCIS denied the 2018 H-1B Extension Petition on April 1, 2019, and she no longer has authorization to work in any position in the United States. Prior to the 2019 Denial, Ms. Obasa was

working for BMS as a Head Teacher, providing a Montessori classroom and instructional program supporting the individual needs of the pupils.

12. BMS, with its principal place of business located at 101 Pondfield Road West, Bronxville, New York 10708, is a preschool employing the Montessori Method of education, developed by Dr. Maria Montessori, a child-centered educational approach, providing a stimulating, well-designed, multi-cultural setting which helps each child mature into a well-balanced, independent student. BMS filed the 2018 H-1B Extension Petition in order to continue employing Ms. Obasa.

13. USCIS is a component of the Department of Homeland Security ("DHS"), 6 U.S.C. § 271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS is responsible for the adjudication of immigration benefits, including nonimmigrant visa petitions. USCIS denied the 2018 H-1B Extension Petition.

14. Director Cissna oversees the adjudication of immigration benefits and establishes and implements governing policies. He has ultimate responsibility for the adjudication of BMS's 2018 H-1B Extension Petition and is sued in his official capacity.

15. DHS is the parent agency of USCIS. USCIS is an operational and support component of DHS. Secretary McAleenan has ultimate responsibility for the formulation of policy guiding USCIS's adjudications and is sued in his official capacity.

## LEGAL BACKGROUND

*H-1B Petition Process*

16. Section 101(a)(15)(H)(i)(b) of the INA provides for the admission into the United States of temporary workers sought by petitioning U.S. employers to perform services in a

specialty occupation. 8 U.S.C. § 1101(a)(15)(H)(i)(b). This nonimmigrant classification is commonly referred to as "H-1B."

17. A "specialty occupation" is one that requires the "(A) theoretical and practical application of a body of highly specialized knowledge, and (B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States." 8 U.S.C. § 1184(i).

18. In order for a foreign national to receive an H-1B classification, a U.S. employer must file with USCIS a nonimmigrant visa petition on the foreign national's behalf. If the foreign national, like Ms. Obasa, is already in the United States in H-1B status, the petitioning employer also may designate that the foreign national is requesting an extension of stay in H-1B status. *See* Form I-129, Petition for a Nonimmigrant Worker, Part 2, #4.c.

*H-1B Requirements*

19. For an H-1B classification, USCIS determines whether the petitioning employer's job qualifies as a specialty occupation and whether the foreign national on whose behalf the petition was filed, known as the beneficiary, is qualified to perform the job duties required by the specialty occupation. *See* 8 C.F.R.§§ 214.2(h)(4)(i)(A)(1) and 214.2(h)(4)(iii)(B)(3).

20. The applicable regulations provide:

(A) Standards for specialty occupation position. To qualify as a specialty occupation, the position must meet **one** of the following criteria:

(1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;

(2) The degree requirement is common to the industry in parallel positions among similar organizations, or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;

      (3)    The employer normally requires a degree or its equivalent for the position; or

      (4)    The nature of the specific duties is so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

8 C.F.R. § 214.2(h)(4)(iii)(A)(1)-(4) (emphasis added).

21. In assessing whether a position meets the first criterion, *i.e.*, that a baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position, USCIS adjudicators routinely consult the OOH. The OOH is a U.S. Department of Labor reference manual, updated every two years that contains profiles about hundreds of occupations that cover a majority of the jobs in the United States. The occupational profiles describe, among other details, the typical education and training needed to enter the occupation. However, the OOH itself is a product of the research, analysis, and judgment of economists at the U.S. Bureau of Labor Statistics, and contains the disclaimer that it "provides a general, composite description of jobs and cannot be expected to reflect work situations in specific establishments or localities. The OOH, therefore, is not intended, and should never be used, for any legal purpose."

22. In assessing whether a position meets the second criterion, USCIS adjudicators examine evidence submitted by petitioners consisting of job solicitations by employers in the same industry for "parallel positions."

## FACTUAL ALLEGATIONS

23. Ms. Obasa first began working in the United States in H-1B status in 2015 based upon an H-1B petition that BMS filed on her behalf that USCIS approved in October 2015. At the time that BMS filed the 2018 H-1B Extension Petition on August 15, 2018, Ms. Obasa had USCIS approval to work through September 2, 2018 as a Head Teacher for BMS. The position of Head Teacher was in the occupational classification of "Preschool Teachers, Except Special Education."

7

BMS filed the 2018 H-1B Extension Petition so that Ms. Obasa could continue as a Head Teacher. Ms. Obasa's son also filed an application to extend his status as the child of an H-1B worker because his stay in the United States is dependent on hers. The 2018 H-1B Extension Petition, including all attached and included documents, is incorporated by reference.

24. Ms. Obasa was able to work for BMS in the Head Teacher position pursuant to regulations at 8 C.F.R. § 274a.12(b)(20) until USCIS denied the 2018 H-1B Petition Extension on April 1, 2019. *See* 8 C.F.R. § 214.2(h)(2)(i)(H)(1)(ii).

25. In the 2018 H-1B Petition Extension, BMS included a request for extension of Ms. Obasa's stay in H-1B status until September 2, 2021.

26. Without an extension of her H-1B status, Ms. Obasa has no lawful status to live or work in the United States. She and her son are faced with the prospect of having to uproot the lives they have built here and face an uncertain future in Nigeria. (On or about May 3, 2019, Plaintiffs' counsel received an email notification that a "PERM" labor certification application filed by BMS for Ms. Obasa was going to be approved. The actual approval has not yet arrived. Even if it were to arrive, that alone would not change Ms. Obasa's status and not guarantee that she will not have to return to Nigeria for at least a period of time.)

27. In its initial letter in support of its 2018 H-1B Extension Petition, dated August 6, 2018 ("Support Letter"), BMS submitted evidence concerning company background; the complexity of the Head Teacher position responsibilities; that a bachelor's degree in education or a related field was a minimum requirement for entry into the position; and Ms. Obasa's Master of Science in Education academic program at Long Island University, which included coursework in Early Childhood Education. The Support Letter, including all attached and included documents, is incorporated by reference.

28. In its Support Letter, BMS confirmed that, among other duties, Ms. Obasa would continue to be responsible for: (A) promoting the school's mission, vision, objectives, and policies both within and outside the immediate school community; (B) providing a Montessori classroom and instructional program that supports the individual needs of the children in accordance with this mission and vision; (C) providing instruction to children in activities designed to promote social, physical, and intellectual growth needed for primary school; and (D) planning individual and group activities to stimulate growth in language, social, and motor skills.

29. On December 11, 2018, USCIS issued a request for evidence ("RFE") in which it alleged the Head Teacher occupation does not require a minimum of a baccalaureate degree in a specific specialty according to the O*NET Online, and it averred that the evidence submitted in BMS's initial filing was insufficient to establish that the Head Teacher in a Preschool was a specialty occupation. The RFE did not cite to the OOH in making this allegation.

30. In its response to the RFE, filed on March 4, 2019 ("RFE Response"), BMS submitted evidence that the Head Techer met the following regulatory criteria for being within a specialty occupation: (A) a baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position in New York State; and (B) the degree requirement is common to the position in parallel positions among similar organizations. *See* 8 C.F.R. § 214.2(h)(4)(iii)(A)(1), (2). The satisfaction of each criterion's requirements, standing alone, demonstrated that the Head Techer position was a specialty occupation. The RFE Response, including all attached and included documents, is incorporated by reference.

31. Among other evidence, BMS's RFE Response contained documentation establishing that in New York State, Universal Pre-K programs administered by New York State require a minimum of a bachelor's degree. In addition, BMS submitted documentation from the

9

Center for the Study of Child Care Employment ("CSCCE") that the minimum requirements for a Lead (Head) Teacher in a Pre-K program in New York State is a bachelor's degree.

32. The CSCCE was established in 1999 at the University of California, Berkeley, and engages in research and policy analysis about the characteristics of those who care for and educate young children, and provides research and expert analysis on topics including early childhood teacher preparation.

33. BMS's RFE Response identified nineteen (19) job advertisements that were representative of positions parallel to BMS's Head Teacher position at preschools in New York State that are similar to BMS. The advertisements confirmed the names of the preschools along with a brief description of each institution, and the minimum educational requirements for the positions, which were consistent with BMS's minimum requirement for the Head Teacher position of a bachelor's degree in Education.

34. BMS supported its RFE Response with documentary evidence including New York Department of Education Regulations; CSCCE background and CSCCE Early Childhood Workforce Index for New York; the job postings with comparable organizations and where available, background information about the organizations, all of which confirm that a Bachelor's degree in Education is the minimum educational requirement for Lead/Head Teachers for Pre-K programs.

35. On April 1, 2019, Defendant USCIS issued its decision denying BMS's 2018 H-1B Extension Petition for allegedly failing to establish that the Head Teacher is in a specialty occupation.

36. As to the first of the four applicable regulatory criteria – that a baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the position –

USCIS concluded that the OOH "does not indicate that a baccalaureate degree in a specific field of study is the minimum educational requirement for Preschool Teacher." The 2019 Denial relied heavily on a misreading of the OOH entry for "preschool teachers." The relevant section of the OOH states: "Education and training requirements vary based on settings and state regulations." Hence, that OOH section recognizes that individual states set minimum educational requirements for preschool teachers. As shown above, BMS established that New York requires a minimum of a bachelor's degree for this position.

37. USCIS further found that "[t]he requirement for an early childhood education job in New York can be achieved in multiple pathways" despite BMS having shown that New York requires a minimum of a bachelor's degree in education for the position at issue in this case.

38. As to the second regulatory criterion – that the degree requirement is common to the industry in parallel positions among similar organizations – USCIS concluded that the bachelor's degree requirements in the advertised positions were not sufficient because "many of the advertised positions to [sic] not specify a degree or even state that an education degree is preferred." In fact, of the nineteen (19) job advertisements that BMS submitted, fourteen (14) specifically stated a degree in education or early childhood education was required. As to the remaining five (5) advertisements, there is no logical basis from which to infer that the omission to state a degree requirement meant that the employer who made this omission did so with the intention of circumventing that New York State requirement.

39. For the third criterion – that the employer normally requires a degree or its equivalent – USCIS again recited that BMS's evidence was insufficient because "many of the advertised positions to [sic] not specify a degree or even state that an education degree is preferred." In addition USCIS added boilerplate language which, if taken to its logical conclusion,

would render this criterion meaningless and unavailable: "While you claim that the offered position requires a degree, your opinion alone cannot establish the position as a specialty occupation." USCIS's inclusion of this language is especially odd and suggests the use of "copy and paste" because BMS did not argue that this criterion was met.

40. Under 5 U.S.C. §§ 702 and 704, Plaintiffs have suffered a "legal wrong" and have been "adversely affected or aggrieved" by agency action for which there is no adequate remedy at law.

## COUNT ONE

### (Violation of the Administrative Procedure Act 5 U.S.C. § 701, *et seq*.)

41. Plaintiffs repeat and re-allege each allegation set forth above as if fully set forth herein.

42. A reviewing court shall "hold unlawful and set aside agency action . . . found to be—arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

43. Defendants denied the 2018 H-1B Extension Petition solely on the ground that the evidence in the record was insufficient to establish that BMS's Head Teacher position is in a specialty occupation.

44. However, BMS submitted evidence demonstrating that the position satisfied two out of the four alternative regulatory criteria for demonstrating a specialty occupation. 8 C.F.R. § 214.2(h)(4)(iii)(A)(1)-(4).

45. Defendants failed to properly consider all of the evidence, misread the OOH entry upon which they relied and erroneously concluded that a bachelor's degree in a specific specialty

was not normally required for the position. In so doing, Defendants ignored requirements established by the State of New York to which Defendants themselves conceded they must defer.

46. Defendants acted arbitrarily, capriciously, and contrary to the law in violation of the APA by denying BMS's 2018 H-1B Extension Petition. The 2019 Denial caused Plaintiffs to suffer a legal wrong. Plaintiffs were and continue to be adversely affected and aggrieved by Defendants' actions.

## COUNT II

### (Declaratory Judgment, 28 U.S.C. § 2201)

47. Plaintiffs repeat and re-allege each allegation set forth above as if fully set forth herein.

48. An actual controversy exists between the parties and, pursuant to 28 U.S.C. § 2201, this Court is empowered to declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

49. Plaintiffs seeks a judicial declaration that Defendants are required to approve the 2018 H-1B Extension Petition.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request respectfully that this Court enter an order:

A. Declaring that Defendants' determination that evidence submitted by Plaintiff BMS in its 2018 H-1B Extension Petition was insufficient to establish that the Head Teacher position is in a specialty occupation was arbitrary and capricious, an abuse of discretion and not in accordance with law, in violation of the APA, 5 U.S.C. § 706(2)(A);

B. Vacating the 2019 Denial of the 2018 H-1B Extension Petition and remand this matter to Defendants with instructions to approve, within ten (10) days of the date of the Court's

Order, the Form I-129, Petition for Nonimmigrant Worker filed by Plaintiff BMS and extend Ms. Obasa's stay in H-1B status until and including September 2, 2021;

      C.      Awarding Plaintiffs their reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), 5 U.S.C. § 504, and/or any other applicable law; and

      D.      Granting such other relief as the Court deems just, equitable and proper.

Dated: May 7, 2019

           Respectfully submitted,

           MSK ATTORNEYS

           By:    S/ Daniel A. Seff
                 Brian J. Sullivan*
                 Daniel A. Seff
                 275 College Street
                 Burlington, VT 05401
                 Phone: (802) 861-7000
                 Fax: (802) 861-7007
                 Email: bsullivan@mskvt.com
                 Email: dseff@mskvt.com

                 * - Application for admission forthcoming

*Of Counsel*:

           Richard B. Solomon, Esq.
           The Law Office of Richard B. Solomon
           427 Bedford Road, Suite 340
           Pleasantville, NY 10570
           Phone: (914) 769-8568
           Fax: (914) 560-2052
           Email: rsolomon@rsolomonlaw.com

           *Attorneys for Plaintiffs*